UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

```
JESUS GUTIERREZ-RIOS,          )
     Petitioner.               )
v.                             )    Case No. 3:25-cv-277-CWR-ASH
                               )    ~~1:17cr262-02-TNT~~
UNITED STATES OF AMERICA (Warden )
Childress), Respondent.        )
```

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 18 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

## WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241(c)(3)

Comes now, petitioner Jesus Gutierrez-Rios in Pro-Se Forma, respectfully requests that this Honorable Court reduce his sentence pursuant to 28 U.S.C. § 2241(c)(3).

Petitioner is a layman of the law and prays that this motion be liberally construed and held to a standard "less stringent than those drafted by attorneys" Haines v. Kerner 404 U.S. 519, 520 (SCOTUS 1972). See also Ayala Serrano v. Gonzalez 909 F. 2d8, 15 (1st Cir. 1991).

According to Rule (56(a) of the Federal Rule of Civil Procedures, a movant may move for any claim if he shows that there is no general dispute as to material fact that he is entitled to a judgment as matter of law.

### BACKGROUND AND FACTS

Petitioner is currently incarcerated at FCI Yazoo City Low II in Yazoo City, MS 39194. On May 5, 2017 he was arrested on one count of 21:841(a)(1), 841(b)(1)(A)(ii) and 846 conspiracy to possess with intent to distribute 5 kilograms of cocaine. Petitioner pleaded guilty and a sentence was imposed by the Court to serve 120 months in federal prison and 5 years of Supervised Release. Petitoiner was deemed "eligible" for the First Step Act. He

1

programmed successfully and received a 365 days reduction form the FSA ETC's. His projected release via FSA was November 11, 2024. Just a couple days before his release his (ETC's) Earned Time Credits were taken away because a supposed Administrative Removal Order and now he is being detained past his released at unconstitutionally.

## I. RE-APPLY TIME CREDITS
## WICH WERE EARNED

Petitioner's request that this Court retroactively credit petitioner's with 365 day worth of earned time credits for programs in which he participated, copmpleted and was deemed eligible for corresponding time credits under First Step Act 18 U.S.C. § 3632 and were taken away when later after completing programs and receiving Earned Time Credits all of the sudden an order of removal was given to him by ICE.

Petitioner files a Writ of Habeas Corpus pursuant to 28 U.S.C § 2241(c)(3) to secure release of illegal custody, Peiser v. Rodriguez, 411 US, 475, 484, 93 S. CT 1827 37 L. Fd 2d 439 (1973); see also McIntosh vs. US Parole Comm'n, 115 F3d. 809 811 (10th Cir. 1997).

"Habeas Corpus relief is warranted only when petitioner is in custody on violation of the COnstitution or treaties of the United States" 28 U.S.C. § 2241(c)(3). Petitioner contends the First Step Act 18 U.S.C. § 3632(d)(4)(D) & (E). Petitioner's case is not affected by the exclusions of 18 U.S.C. § 3632(d)(4)(D)(E) that precludes prisoners "with a; final order of deportation from applying their hard work for FSA ETC's. Nevertheless petitioner did not have a Final Order of Deportation and still does NOT have one, was deemed eligible, received Earned Time Credits programmed for almost 2 years successfully earning him 365 days of his sentence reduced, then suddenly his ETC's already earned were taken away adding a year back to his sentence rather that preventing ETC's to be applied from the day the order appeared on or about November 5, 2024. BOP should adhere to 18 U.S.C. § 3632 and only remove credits

when prisoners have a legitmate Final Order of Deportation signed by a Judge rather than just an Administrative Removal Order for 18 U.S.C. § 3632(d)(4)(D)(E) does not refer to.

A Final Order of Deportation 8 C.F.R. § 1241.31 prescribes that "[e]xpect as otherwise required by section 242(c) of the Act the specific purposes of that section, an order of deportation coupled with an order of voluntary departure, made by the Immigration Judge in proceeding under 8 C.F.R. part 1240 shall become final upon expiration of the time allotted time for an appeal, upon waiver of appeal when no is appeal is taken; if such an order is issued by the Board or approved by the Board upon certification, it shall be final as of the date of the Board's decision." (Petitioner did not have proceedings and has not have an Immigration Judge sign any order against him). In other words a Final Order of Deportation is an order that is unappealable. In petitioner's case, no judge has ordered petitioner to be deported or removed. ICE is simply an agency which lodged the detainer action against petitioner for a "possible" deportation and "Administrative" order of removal that NO judge signed. In any event, the petitioner can still prevent a cause for appeal to remain in the United States.

Wherefore the question here is if petitioner was deemed eligible participated successfully completing FSA progamming for almost 2 years and received Earned Time Credits for 365 days of reduction, why does the BOP decides to do other than what specifically 18 U.S.C. § 3632(d)(4)(D)(E) says?

## CONCLUSION

Based on the facts of the matter established herein patitioner, respectfully request this Honorable Court to grant this motion, restore earned time credits and reduce sentence.

It is important to also note that after release petitioner still needs to be transferred to an ICE facility to process his immigration proceedings properly usually in normal procedure takes 30 to 90 days.

I declare the foregoing is true and correct to the best of my knowledge and belief and under penalty of perjury pursuant 18 U.S.C. § 1746.

Respectfully submitted this 17TH day of April 2025.

*Jesus Gutierrez Rios*
Jesus Gutierrez-Rios
# 03782-046
FCI Yazoo City Low II
P.O. Box: 5000
Yazoo City, MS 39194